11-4859-cv
Margherita v. FedEx Express

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand thirteen,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                          *Circuit Judges*.

_____

ROSS MARGHERITA,

                     *Plaintiff-Appellant*,

              -v-                                              11-4859-cv

FEDEX EXPRESS, FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, JOSEPH RANDALL,

                     *Defendants-Appellees*.

_____

Appearing for Appellant:     Ralph G. Reiser, Syosset, NY

Appearing for Appellees:     Terence Reed (Frederick L. Douglas, Lead Counsel, *on the brief*)
                             Federal Express Corporation, Memphis, TN

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Ross Margherita appeals from the district court's judgment entered on October 25, 2011, following its grant of summary judgment in favor of defendants FedEx Express, FedEx Corporation, Federal Express Corporation, and Joseph Randall (collectively, "FedEx"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, expressly prohibits "medical examinations and inquiries" in certain circumstances as a form of discrimination. *Id.* § 12112(d)(1). Regardless whether a formal medical examination or an inquiry pursued by an employer itself, the ADA prohibits inquiries into "the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." *Id.* § 12112(d)(4)(A). While the field test administered by FedEx in this case could be considered a permissible inquiry "into the ability of an employee to perform job-related functions," *id.* § 12112(d)(4)(B), there can be no dispute that it was also an inquiry into the "nature or severity" of Margherita's hearing impairment. Thus, to warrant summary judgment, FedEx must demonstrate as a matter of law that this inquiry was "job-related and consistent with business necessity."

In order to satisfy the ADA's business necessity exception, FedEx "must first show that the asserted 'business necessity' is vital to the business" and "that the examination or inquiry genuinely serves the asserted business necessity and that the request is no broader or more intrusive than necessary." *Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88, 97-98 (2d Cir. 2003). Here, the record contains evidence from which a jury could find that the field test to which FedEx subjected Margherita was audiologically and methodologically unsound, and that Margherita's alleged safety infractions were unrelated to his hearing. Based on this evidence, a reasonable jury could find that the field test was not vital to FedEx's business and was more intrusive than necessary. Accordingly, the district court erred in granting FedEx's motion for summary judgment on Margherita's claims of discrimination under the ADA and Rehabilitation Act.

Moreover, we review claims under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, "independently from and 'more liberally' than" federal or state discrimination claims. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009). Indeed, the NYCHRL must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Albunio v. City of New York*, 16 N.Y.3d 472, 477-78 (2011). Accordingly, insofar as there remain material disputed issues regarding whether the field test was job-related and consistent with business necessity, summary judgment was also inappropriate on Margherita's NYCHRL claim.

2

Assuming that the ADA provides a basis for a hostile work environment claim, an issue not yet decided by this Court, Margherita has failed to present sufficient evidence to support this claim. Margherita concedes that he had a good working relationship with his supervisors, that Randall did not touch him or abuse him, and that Randall even praised him for doing good work. We conclude that no reasonable juror could find that Margherita was subjected to harassment on the basis of his disability. We reach this conclusion even under the broad and liberal construction of the NYCHRL. *See Loeffler*, 582 F.3d at 278. Accordingly, the district court properly granted summary judgment on Margherita's hostile work environment claim.

We have considered Margherita's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court hereby is VACATED and REMANDED with respect to Margherita's discrimination claims under the ADA, the Rehabilitation Act, the NYSHRL, and the NYCHRL. The judgment of the district court hereby is AFFIRMED on all other claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk